**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARK ANTHONY SOMAR,**

    **Petitioner,**

**vs.**                                 **Case No. 4:11cv352-WS/WCS**

**ERIC H. HOLDER, et al.,**

    **Respondents.**

_____/

## REPORT AND RECOMMENDATION

Petitioner, who is *pro se*, initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, on July 25, 2011.  Doc. 1.  Petitioner belatedly filed a motion for leave to proceed *in forma pauperis*, doc. 5, but on the same date the motion was receive, Petitioner paid the filing fee.  Doc. 4.  Therefore, Petitioner's *in forma pauperis* motion should be denied as moot.

Petitioner alleged in the original § 2241 petition that he was born in Guyana and asserted "there is good reason to believe that the petitioner is not likely to be removed in the reasonably foreseeable future."  Doc. 1, p. 3.  It was unknown from the facts presented when Petitioner was taken into custody or when the order of removal was

entered. Because Petitioner failed to provide those specific facts necessary to serve the petition and demonstrate a facially sufficient petition, he was directed to file an amended petition which provided the relevant facts. Doc. 6.

Petitioner has now filed an amended petition, to which Petitioner also attached the original petition. Doc. 7. It now is evident that Petitioner's order of removal became final on February 9, 2011, when the Board of Immigration Appeals denied his appeal.[1] *Id.*, at 2, 3. This case, however, was filed on July 25, 2011, which is less than six months from the date of the final order.

In Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." 533 U.S. at 699, 121 S.Ct. 2491. Additionally, the Zadvydas Court "held that the presumptive period during which the detention of an alien is reasonably necessary to effectuate his removal is six months; after that, the alien is eligible for conditional release if he can demonstrate that there is 'no significant likelihood of removal in the reasonably foreseeable future.' " Zadvydas, 533 U.S. at 701, 121 S.Ct. 2491, *explained in* Clark v. Martinez, 543 U.S. 371, 377-378, 125 S.Ct. 716, 722 (2005). The six months period of time is calculated from the time a removal order becomes "final." Clark, 125 S.Ct. at 728; *see also* Benitez v. Wallis, 402 F.3d 1133, 1135 11th Cir. 2005). Pursuant to § 1231(a)(1)(B), the removal period does not begin to run until the latest of:

(1) The date the order of removal becomes administratively final.

---

[1] It is still unknown when Petitioner entered detention, but for present purposes, it is presumed he was in detention as of the date of the final order. This does not effect the controlling issue in this case.

> (2) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (3) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). As the Eleventh Circuit concluded in Akinwale v. Ashcroft that the "six-month period [ ] must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim under Zadvydas." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). In Akinwale, the petitioner filed the § 2241 petition after having been in detention for only four months. Id., at 1051. It is not enough that the period of time has expired by the time the petition is ruled on by the court, the Zadvydas period must have expired before the petition is filed. 287 F.3d at 1051-52.

This case is controlled by Akinwale. Petitioner filed this case on July 25, 2011, which is only five months, two weeks and two days beyond the final order of removal. Thus, as a matter of law, the petition must be dismissed as it was prematurely filed, even though it was premature by just two weeks.[2]

**CONCLUSION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion for leave to proceed *in forma pauperis*, doc. 5, be **DENIED as moot**, *see* doc. 4, and that the § 2241 petition filed by **MARK ANTHONY SOMAR,** doc. 1, be **DISMISSED** because it was prematurely filed and Petitioner failed to demonstrate that he was entitled to relief pursuant to Zadvydas v. Davis, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

---

[2] To the degree Petitioner is seeking to challenge not just his period of confinement, but he seeks review of the final order of removal to Guyana due to fears of physical harm or death, this court lacks jurisdiction to review a challenge to the order of removal. 8 U.S.C. § 1252(a)(5). The Court of Appeals is the "sole and exclusive means for judicial review of an order of removal." *Id.*

**IN CHAMBERS** at Tallahassee, Florida, on August 25, 2011.


       s/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**